IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 1:07cr337 (LMB) |
| ) | 1:10cv618 (LMB) |
| JUAN ANTONIO HERNANDEZ-MONREAL ) | |
| ) | |
| Movant.  ) | |

## MEMORANDUM OPINION

On August 29, 2007, Juan Antonio Hernandez-Monreal waived indictment and pled guilty to one count of transportation of illegal aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (V)(I) and 1324(a)(1)(B)(i), and was sentenced on the same day to time served (13 days), among other penalties. No appeal of either the conviction or sentence was filed, as both had been waived as part of the plea agreement.

Movant has filed a Petition for Writ of Error Coram Nobis [20][1] and a Motion to Vacate Judgments [sic] and Withdraw Pleas [sic] (Motion to Vacate) [19][2], in which he argues that his

---

[1] A petition for a writ of coram nobis is an old common law writ that has essentially been replaced by Fed. R. Civ. P. 60, which provides for relief from a <u>civil</u> judgment. The judgment under attack by movant is a criminal judgment, therefore, pleading [20] is not applicable and will be summarily dismissed. The remainder of the opinion will solely address the Motion to Vacate.

[2] Although movant does not cite to 28 U.S.C. § 2255, it is clear from the nature of this pleading, which claims that trial counsel was constitutionally ineffective and seeks to have the criminal judgment vacated, that it is a Motion to Vacate under § 2255. When a § 2255 motion is filed "the judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior

guilty plea was not voluntarily and knowingly made because his attorney failed to discuss the immigration consequences of his plea. He seeks an order allowing him to withdraw his plea.

The Motion to Vacate will be dismissed because it is not meritorious. In particular, the statute of limitations has run. Even if not time-barred, dismissal is appropriate because the record of the plea proceeding clearly shows that counsel did discuss immigration consequences with Hernandez-Monreal and the Court also thoroughly explained the immigration consequences of a conviction before movant's plea was accepted.

I. Timeliness of Motion

A motion to vacate a sentence under 28 U.S.C. § 2255 must be brought within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the Clerk to notify the moving party." Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings. As discussed below, movant's Motion to Vacate will be summarily dismissed without the government replying to the motion.

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant was sentenced on August 29, 2007, and the Motion to Vacate was filed on June 2, 2010, well past the one-year period. Movant may be relying on the recently issued Supreme Court decision, <u>Padilla v. Kentucky</u>, 559 U.S. __ (2010), 08-651 slip op. (Mar. 31, 2010) (finding a defense attorney's performance deficient where he failed to advise the defendant of the immigration consequences of his guilty plea). However, nothing in the <u>Padilla</u> decision addresses whether it is retroactively applicable to cases on collateral review. Accordingly, Hernandez-Monreal cannot rely on <u>Padilla</u> and his § 2255 motion must be dismissed as time-barred.

II. Notification of Immigration Consequences

Even if it were not time-barred, the motion would be dismissed because the factual record does not support it. Hernandez-Monreal argues that his counsel was constitutionally ineffective for failing to advise him about the immigration consequences of his guilty plea. He further argues that as a result of this failure, his plea was not entered knowingly and intentionally. He relies upon the two part test for ineffective assistance of counsel as set out in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) (a defendant's Sixth Amendment right to counsel is violated if counsel's performance was deficient, and such

3

deficiency prejudiced the defendant), and Padilla's holding that counsel's performance is deficient where counsel failed to advise defendant of the immigration consequences of a guilty plea.

Contrary to movant's claims, the transcript of the plea colloquy clearly establishes that trial counsel, Bruce A. Johnson, Jr., had discussed immigration consequences. Moreover, the Court thoroughly warned movant about the immigration consequences before the plea was accepted.

> THE COURT: Now, my understanding is that you are a lawful permanent resident in the United States. Do you understand that a person who is not a United States citizen who is convicted of a felony offense – and this case is a felony – becomes eligible for deportation? Do you understand that as a result of this guilty plea, you may lose your right to remain in the United States?
>
> THE DEFENDANT: I understand, ma'am.
>
> THE COURT: And you've discussed that possibility – have you discussed that immigration problem with your lawyer, Mr. Johnson?
>
> THE DEFENDANT: No, we haven't talked about that subject.
>
> THE COURT: But you understand that this plea today could definitely make it difficult, if not impossible, for you to successfully stay legally in the United States?
>
> THE DEFENDANT: I understand, ma'am.
>
> THE COURT: All right.
>
> MR. JOHNSON: And, Your Honor, just to clarify, as I explain to most folks, I'm not an immigration attorney, so that if they need more information about possible immigration consequences, I would have to give them the name of an immigration attorney. But they are advised of the potential ramifications, but I don't

discuss immigration law.

THE COURT: I understand that.

MR. JOHNSON: Okay.

THE COURT: I also do notice that in this particular plea agreement, the defendant did not give up any of his rights to oppose deportation lawfully, that is, to file appeals or whatever administratively, but he still needs to understand that these felony convictions are a real problem for people who are trying to stay in the United States, and you've made that clear?

MR. JOHNSON: Yes, ma'am.

(Tr. of Plea Hearing 13-15, Aug. 29, 2007).

At no point during the colloquy did Hernandez-Monreal dispute Johnson's statement that Johnson had advised him about potential immigration problems. Moreover, later in the colloquy, Hernandez-Monreal admitted being fully satisfied with how Mr. Johnson had been working for him, (id. at 19) and when asked "[D]o you understand that you still at this moment have a right to plead not guilty and to go to trial on the charge?", movant responded, "No, ma'am, I agree with what I said previously . . . I don't want to go to trial." (Id. at 19-20.) This statement, plus movant's later admission about the facts, fully establish that he entered his plea knowingly, that he was aware of the immigration consequences, that he had the proper advice of counsel, and that the evidence established his guilt beyond a reasonable doubt.

On this record, it is clear that Hernandez-Monreal was aware of the likelihood that he would be removed from the United States

5

as a result of his plea. Accordingly, there is no merit to his Motion to Vacate, which will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 14th day of June, 2010.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge